IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LINDA L. BYRD,

          Plaintiff,

v.                                         CIVIL ACTION NO.  2:04-cv-00860

JOHN E. POTTER, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant's motion to dismiss, or in the alternative for summary judgment [Docket 9].  Also pending is the defendant's motion to stay the deadlines set forth in the August 16, 2005 Scheduling Order [Docket 19].  For the following reasons, the court **FINDS** that the complaint fails to state a claim for which relief may be granted and **GRANTS** the defendant's motion to dismiss.  The defendant's motion to stay the deadlines set forth in the August 16, 2005 Scheduling Order is **DENIED** as **MOOT**.

**I. Background**

The following facts, which are alleged in the complaint, are taken as true for the purposes of this motion. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  The plaintiff, Linda L. Byrd, and defendants Chapman Dillion and Dairmuid Dunne are all employees of the United States Postal Service (USPS).  Defendant John E. Potter is the Postmaster General for the United States Postal Service.  As alleged, Mr. Dillion repeatedly made intimidating remarks of a sexual nature to and about Ms. Byrd.  Ms. Bryd reported the conduct to her supervisor, Postmaster Dunne.  On May

7, 2000, Ms. Byrd filed a request for counseling with the Equal Employment Opportunity Commission (EEOC) regarding sex discrimination and hostile work environment harassment. The EEOC assigned the matter for investigation in July, 2000, and subsequently, Ms. Byrd and the USPS entered into a settlement agreement on or about March 12, 2002. Claiming that the USPS failed to abide by the terms of the settlement agreement, Ms. Byrd filed an appeal. The EEOC denied the appeal, and Ms. Byrd filed a request for reconsideration. The EEOC denied that request by correspondence dated May 6, 2004.

On August 12, 2004, Ms. Byrd filed a complaint in the southern district of West Virginia alleging an appeal of a clearly erroneous agency decision in count one, breach of contract in count two, and sex discrimination in count three. After I granted an extension of time within which to respond, the USPS filed a motion to dismiss, or in the alternative, for summary judgment on February 11, 2005 [Docket 9]. The USPS argues that Ms. Byrd's complaint must be dismissed because she failed to comply with the time limits for filing a civil action under Title VII. Additionally, the USPS argues that Ms. Byrd failed to exhaust her administrative remedies regarding her claim of sex discrimination as alleged in the complaint. Lastly, the USPS argues that the United States Postmaster General is the only proper defendant in this Title VII action, and thus, the individual defendants must be dismissed. As the complaint is dismissed in its entirety on the basis of the first two grounds asserted by the USPS, I find it unnecessary to reach this final argument regarding dismissal of individual defendants.

## II.    Analysis

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure must be granted when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle

that party to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  However, there is no requirement

that the claim properly identify the legal theory under which the plaintiff intends to proceed.  Rather,

"a complaint is sufficient against a motion to dismiss, if it appears from the complaint that a plaintiff

may be entitled to any form of relief." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice

and Procedure* § 1219 (1990).

While Ms. Byrd and the USPS presented extraneous matters in their briefings, I exercise my

discretion to exclude them from consideration and decide this motion as a motion to dismiss. *See*

Fed. Rule Civ. P. 10(c); *see also*, *Wilson-Cook Medical, Inc. v. Wilson*, 942 F.2d 247, 251 -252 (4th

Cir. 1991) (holding that the motion to dismiss was not converted into a summary judgment motion

when the district court accepted affidavits but did not consider them in conjunction with the Rule

12(b)(6) motion).  I note, however, that the Fourth Circuit has recognized that written documents

attached to the complaint or incorporated by reference need not be excluded in consideration of a

motion to dismiss. *New Beckley Min. Corp. v. International Union, United Mine Workers of

America,* 18 F.3d 1161, 1164 (4th Cir.1994) (*citing Cortec Indus. v. Sum Holding, L.P.,* 949 F.2d 42,

47-48 (2d Cir.1991).  Accordingly, I find it proper to consider the EEOC's Denial of Request for

Reconsideration dated May 6, 2004 and attached as an exhibit to USPS' motion to dismiss because

Ms. Byrd relied upon this decision in bringing her complaint and referenced it in her responsive

memorandum.

### A.  Untimeliness

The EEOC's Denial of Request for Reconsideration contained a paragraph advising Ms.

Byrd of her right to file a civil action "within ninety (90) calendar days from the date you receive

this decision." Def.'s Mot. to Dismiss, Ex. 1, Attach. M. (Feb. 11, 2005).  Additionally, the decision

contained a certificate of mailing, which stated, "For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed." *Id.* The date May 6, 2004 was stamped on the decision as the date when the decision was mailed to Ms. Byrd, her representative, and the agency. An equal opportunity assistant signed beneath the certificate of mailing paragraph, certifying that the decision was in fact mailed on May 6, 2004.

Federal Rule of Civil Procedure 6(e) provides that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper is served [by mail], 3 days shall be added to the proposed period." Fed. R. Civ. P. 6(e). In the context of dealing with EEOC decisions, however, some courts have followed the five-day presumption set forth in the EEOC's certificate of mailing. *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001); *Cook v. Providence Hosp.*, 820 F.2d 176, 179 n.3 (6th Cir. 1987); *Edwards v. Galveston-Texas City Pilots*, 203 F. Supp. 2d 759, 775 n. 9 (S.D. Tex. 2002). Here, Ms. Byrd filed her complaint outside the 90-day filing period regardless of whether the court applies the three- or five- day presumption. If the three-day presumption is applied, August 9, 2004 marks the end of the filing period. If the five-day presumption is applied, August 10, 2004 marks the end of the filing period. Ms. Byrd filed her complaint on August 12, 2004. Accordingly, Ms. Byrd's complaint regarding counts one and two, which pertain directly to the EEOC's May 6, 2004 decision, is untimely.

In response, Ms. Bryd does not assert that the complaint was timely "filed," as the term is defined by the Federal Rule of Civil Procedure 5(e). *Id.* ("The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court . . ."); *see also*, *United States v. Lombardo*, 241 U.S. 73, 76-77 (1916) ("A paper is filed when it is delivered to the

proper official and by him received and filed."). Rather, Ms. Byrd asserts that "[a]lthough the complaint was not filed by this Court until August 12, 2004, the placing of the Complaint into the mail on August 9, 2004 illustrates Plaintiff's good faith compliance with the time limits for filing under Title VII." Pl. Resp. Memo. p. 3 (April 20, 2005).

Ms. Byrd further argues that the time limits should be equitably tolled because "the failure on the Plaintiff's part to file on August 9, 2004 was more than just a garden variety claim of excusable neglect." *Id*. However, Ms. Byrd provides no explanation as to why her late filing should be considered anything else. Ms. Byrd provides no grounds or support for application of the doctrine of equitable tolling. Moreover, Ms. Byrd's argument that the defendants in this case will not be irreparably harmed by the equitable tolling of the 90-day time frame does not serve as an independent basis for invoking the principles of equitable tolling. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151-52 (1984) ("absence of prejudice [to a defendant] is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified"). Accordingly, I **FIND** that Ms. Byrd's complaint regarding counts one and two was untimely filed and that the doctrine of equitable tolling does not apply.

### B. Failure to Exhaust

In count three of the complaint, Ms. Byrd alleges that Mr. Dillion repeatedly made sexually-explicit remarks, which were designed to intimidate Ms. Byrd, and Postmaster Dunne failed to address the issue according to the Agency's standards. It is unclear from these allegations alone whether Ms. Byrd is referring to conduct addressed by the settlement agreement entered into on or about March 12, 2002 or conduct occurring since that date. In her responsive memorandum, however, Ms. Byrd clarifies that she is attempting to enforce the settlement agreement and litigate

her claims of hostile work environment contained in her formal EEOC complaint.  Pl.'s Resp. Memo. p. 4 (April 20, 2005).  Ms. Byrd further asserts that receipt of her "right to sue letter" places her within her right to sue based "both on the breach of the March 12, 2002 settlement and the previous discrimination in the workplace." *Id.*

The previous discrimination in the workplace concerns the merits underlying the settlement agreement.  This court lacks jurisdiction to decide that claim because the parties entered into the settlement agreement before the administrative judge conducted a hearing and issued a decision concerning the merits.  A district court may enforce the settlement agreement, but it does not have jurisdiction to decide the merits of the underlying claim. *EEOC v. Henry Beck Company*, 729 F.2d 301, 305-06 (4th Cir. 1984) ("[W]here an employer allegedly breaches a pre-determination settlement agreement after voluntarily entering into it, and the Commission seeks enforcement of that agreement only, *without attempting to litigate the underlying unfair employment practice charge*, the suit is brought directly under Title VII, and the United States District Courts have jurisdiction under §. 706(f)(3)") (emphasis added).  Indeed, jurisdiction is proper where damages sought arise from the breach of the agreement rather than from a generalized employment discrimination charge.  *Id*. at 305.  Count three raises a generalized discrimination charge. [1] Accordingly, I **FIND** that the court lacks subject matter jurisdiction over this claim.

---

[1]     Even if the complaint is read – contrary to Ms. Bryd's assertions in her responsive brief – to assert damages for additional acts of discrimination that occurred following the March 12, 2002 settlement, those allegations must be addressed in a separate administrative complaint. 29 C.F.R. §. 1614.504(c).  Ms. Byrd must exhaust her administrative remedies before filing a Title VII action in this court. *Brown  v. GSA*, 425 U.S. 820, 832 (1976).

**III.    Conclusion**

I **FIND** that the plaintiff's complaint regarding counts one and two is untimely.  Moreover, I

**FIND** that this court lacks subject matter jurisdiction over count three.  Accordingly, the court

**GRANTS** the defendant's motion to dismiss, **DENIES as MOOT** the defendant's motion to stay

the deadlines set forth in the August 16, 2005 Scheduling Order, and **DISMISSES** this action from

the docket.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to

counsel of record and any unrepresented party.

ENTER:        September 8, 2005

JOSEPH  R.  GOODWIN
UNITED STATES DISTRICT JUDGE